# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIRK POOL,<br><br>　　　　Defendant. | Case No. 1:16-cv-01760-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　Plaintiff Michael Jacobsen ("Plaintiff") is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 21, 2016, is currently before the Court for screening. (ECF No. 1.) In the complaint, Plaintiff names Property Sergeant Kirk Pool as the sole defendant.

**I.　Screening Requirement**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is no longer detained in custody. At the time of the events in the complaint, Plaintiff was a pretrial detainee at the Fresno County Jail. Plaintiff names Property Sergeant Kirk Pool as the defendant. Plaintiff's allegations are quoted as follows: "I would like my duffle bag and everything in it or be reimbursed in the amount of $675.00. I would like my backpack and everything in it or be reimbursed in the amount of $5,000.00. I would like injunctive relief to change their policy to destroy property after 60 days at least until your [sic] released." (Doc. 1.)

## III. Discussion

### A. Rule 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

2

Plaintiff's amended complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face. Plaintiff fails to link Defendant Pool to any conduct.

### B. Supervisory Liability and Linkage

As a threshold issue, under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 129 S. Ct. at 1948–49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales, 567 F.3d at 570; Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v.

Gomez, 267 F.3d 895, 914–15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff has not alleged any facts linking Defendant Pool to acts or omissions showing that the defendant participated in or directed the violation of any of his Constitutional rights, or that this defendant knew of the violations and failed to prevent them. Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235. To the extent Plaintiff attempts to hold any defendant liable based solely on a position of authority, he cannot do so. Plaintiff will be granted leave to amend these deficiencies.

### C. Deprivation of Property

The Due Process Clause protects prisoners and detainees from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners and detainees have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). The Court cannot determine from Plaintiff's allegations whether they give rise to an unauthorized deprivation of property which is not cognizable by way of a section 1983 complaint. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Plaintiff will be granted leave to amend.

### IV. **Conclusion and Order**

For the above reasons, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint, filed November 21, 2016 (ECF No. 1), is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **June 13, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

5