# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN, | Case No. 1:16-cv-01760-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 23) |
| POOL, | |
| Defendant. | |

Plaintiff Michael Jacobsen ("Plaintiff") is a county detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 21, 2016. (ECF No. 1.) On September 5, 2017, Plaintiff filed a first amended complaint, (ECF No. 16), and on October 5, 2017, Plaintiff lodged a second amended complaint, (ECF No. 18). Plaintiff's complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed February 9, 2018. (ECF No. 23.) Plaintiff states that this action states a claim for excessive force and his complaint has passed the screening process and is now in the discovery phase. Plaintiff states that due to his lack of education and experience with the judicial system, he will not be able to conduct discovery through the taking of depositions or navigate more complicated discovery issues such as motions for sanctions. Plaintiff further argues that he cannot get any discovery from Defendant because any requests he attempts get objected to and denied by defense counsel.

(Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research, prosecute claims, and conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. It appears that Plaintiff has mistakenly filed this motion in the instant action. The filed first amended complaint and lodged second amended complaint both allege violations of Plaintiff's property rights, but do not contain allegations of excessive force by Defendant Pool. Moreover, the Court has not screened either of the amended complaints, and discovery has not yet opened in this action. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

///

///

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 23) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 14, 2018**            /s/ *Barbara A. McAuliffe*            
                                        UNITED STATES MAGISTRATE JUDGE