# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>KIRK POOL,<br><br>Defendant. | Case No. 1:16-cv-01760-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED SECOND AMENDED COMPLAINT<br><br>(ECF No. 18)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Michael Jacobsen ("Plaintiff") is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 21, 2016, was screened by the Court and Plaintiff was granted leave to amend. (ECF No. 1.) Plaintiff filed his First Amended Complaint on September 11, 2017, but before the Court could screen the First Amended Complaint, Plaintiff lodged a Second Amended Complaint on October 5, 2017. (Doc. 18.)

A review of both the First Amended Complaint and the lodged Second Amended Complaint ("SAC") shows that the SAC is intended to supersede the First Amended Complaint. Although Plaintiff was not granted leave to filed a SAC, in the interest of judicial economy, the Court will direct the clerk the file the SAC and will turn to screening the SAC. See Fed.R.Civ.P. 15 (a) (a party may amend once as a matter of right, but must seek court leave for other amendments).

1

In the SAC, Plaintiff names Property Sergeant Kirk Pool, Fresno Police Department, as the sole defendant.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is no longer detained in custody. At the time of the events in the complaint, Plaintiff was a pretrial detainee at the Fresno County Jail. Plaintiff names Property Sergeant Kirk Pool as defendant. Plaintiff alleges that his property that was booked or seized has been either lost or destroyed, and he claims violation of Due Process or cruel and unusual punishment. Plaintiff claims that in four separates cases or bookings, his property was seized and was not returned to him. Plaintiff itemizes the property in each of the four cases. In each of the cases, his property was destroyed or went missing. In case 12-62357, the property was destroyed after a reviewing detective authorized it. In case 13-77679, the items seized from his home pursuant to a search warrant came up missing. In case 16-43095, his property was taken incident to arrest and when he was released, he was told his property was held for sixty days and then destroyed. In case number 16-63223, Plaintiff requested that his property be booked as "bulk property" and he wrote to Defendant Pool who stated that they would extend the date for six months to hold his property. But when Plaintiff was released within that six months and went to retrieve his property, the property had been destroyed. Defendant Pool told Plaintiff that the six month extension had been "overlooked." Plaintiff itemizes the type of property and value of each.

Plaintiff seeks return of his property or reimbursement of monetary damages of $5,000.

## III. Discussion

### A. Supervisory Liability

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales, 567 F.3d at 570; Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v.

Gomez, 267 F.3d 895, 914–15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff has not alleged any facts linking Defendant Pool to acts or omissions showing that the defendant participated in or directed the violation of any of his Constitutional rights, or that this defendant knew of the violations and failed to prevent them. Iqbal, 129 S. Ct. at 1948–49; Ewing, 588 F.3d at 1235. Plaintiff alleges that Pool told him that his property had been destroyed in case 16-63223, but as stated below, the negligent destruction does not state a cognizable claim. To the extent Plaintiff attempts to hold any defendant liable based solely on a position of authority, he cannot do so. Despite being provided guidance, Plaintiff has been unable to cure this deficiency.

### B. Deprivation of Property

The Due Process Clause protects prisoners and detainees from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners and detainees have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). A negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. Hudson v. Palmer, 468 U.S. at 533, 104 S.Ct. at 3203–04 (negligent deprivation of property does not state a claim, so long as post-deprivation remedy is available);

Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (post-deprivation remedy available under California law). When a person is incarcerated, his personal possessions are routinely and lawfully seized and placed in official custody both to protect the detainee's possessions and to maintain security at the detention facility. See Hudson v. Palmer, 468 U.S. 517, 540, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984) (O'Connor, J. concurring). A police officer's retention of lawfully seized property alone does not violate the Fourteenth Amendment. See Jessop v. City of Fresno, No. 3:14-cv-2659-CAB-RBB, 2017 WL 3264039, at *7 (E.D. Cal. Aug. 1, 2017) (collecting cases).

According to Plaintiff's allegations, in the first instance, case 12-62357, the property was destroyed after a reviewing detective authorized it. In case 13-77679, the items seized from his home pursuant to a search warrant came up missing. In case 16-43095, his property was taken incident to arrest and when he was released, he was told his property was held for sixty days and then destroyed. In case 16-63223, his property was taken incident to arrest, and Plaintiff requested that it be held 6 months and Defendant Pool told him that it would be held 6 months. Upon release, the property had been destroyed.

In each of the four instances, Plaintiff complains his property was lost or destroyed. In each case, the police department legally obtained possession of Plaintiff's property. In each case, Plaintiff alleges that this property was negligently destroyed or went missing. A negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the destruction of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Plaintiff cannot state a cognizable claim.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to (1) file Plaintiff's lodged second amended complaint (ECF No. 18); and (2) randomly assign a District Judge to this action.

The Court HEREBY RECOMMENDS that this action be dismissed, without leave to amend, for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 3, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE